**Hugh HARDAGE, Plaintiff–Appellant,**

v.

**CBS BROADCASTING INC., a New York Corporation; Viacom Television Stations Inc., a Delaware Corporation; Viacom Broadcasting of Seattle Inc., a Delaware Corporation; Kathy Sparks, an individual, Defendants–Appellees.**

No. 03–35906.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2005.

Filed Nov. 1, 2005.

Amended Jan. 6, 2006.

Second Amendment Feb. 8, 2006.

Harry J.F. Korrell and Kathryn S. Loppnow, Davis Wright Tremaine LLP, Seattle, WA, for the defendants-appellees.

Before WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## ORDER

The panel opinion filed January 6, 2006, is amended as follows:

Add as a new paragraph after footnote 1 (slip op. 82):

There may be circumstances where an employer's "remedial obligation kicks in," *Fuller*, 47 F.3d at 1528, regardless of the employee's stated wishes. In other words, the mere fact that the employee tells the employer not to take any remedial action may not always relieve that employer of the obligation to do so. *See, e.g., Torres v. Pisano*, 116 F.3d 625, 639 (2d Cir.1997). Here, however, it is uncontested that Hardage did not want Falcone to take further action, and that Hardage's wishes were not insincere or uninformed. Moreover, Hardage did not disclose to Falcone the details of the harassment, so Falcone had no way to know of its severity.

The petition for panel rehearing has been previously denied. Judge Silverman votes to deny the Petition for Rehearing En Banc and Judge Wallace so recommends. Judge Paez would grant the petition. The full court has been advised of the Petition for Rehearing En Banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

Appellant's Petition for Rehearing En Banc is therefore DENIED. No further petitions may be filed.