James H. BAKER, Plaintiff—Appellant,

v.

Gordon R. ENGLAND, Secretary Department of the Navy, Defendant—Appellee.

No. 05–55414.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2007 *.

Filed March 8, 2007.

Andrew M. Schwartz, Los Angeles, CA, for Plaintiff–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

MEMORANDUM **

James H. Baker appeals the summary judgment in favor of the Secretary of the Navy. We affirm.

A causal connection is a necessary part of a prima facie case of retaliation. *Hardage v. CBS Broadcasting Inc.*, 427 F.3d 1177, 1188 (9th Cir.2005) *amended on denial of reh'g* 433 F.3d 672, 436 F.3d 1050. "To establish causation [Baker] must show by a preponderance of the evidence that engaging in the protected activity was one of the reasons for [his] firing and that but for such activity [he] would not have been fired." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir.2002) (internal quotation marks omitted). The investigation into Baker's dealings with George Schott was begun before Baker filed his EEO complaint, and Baker adduced no evidence in opposition to summary judgment that there was any connection between the complaint and the outcome of the investigation or the decision to terminate him on account of misuse of government property, official time, and his position. Nor do Baker's complaints about Applewhite's attitude show that Applewhite fired Baker because he filed an EEO complaint rather than out of a general dislike for civilian employees and himself in particular. Therefore, Baker's claim fails.

** This disposition is not appropriate for publication and is not precedent except as provid-

We must affirm the MSPB's decision upholding Baker's termination unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We cannot say that it was any of these things. While the evidence could have been viewed differently, the ALJ's findings are supported by evidence that Baker acknowledged Pinchefsky did not have the authority to overrule an order given by Applewhite, Baker established his relationship with Schott through his employment, the Humvee Baker sold Schott (including value added by Baker) was not worth what he was paid for it, and Baker admitted that he ordered Anderson, without authorization, to fill and exchange tires on government time.

AFFIRMED.